22019

ARROW AUTOMOTIVE INDUSTRIES, INC., Appellant, v. O. L. BRADY, County Treasurer of Spartanburg County, Respondent.

(310 S. E. (2d) 661)

*Alan M. Tewkesburg, Jr.,* of *Holcombe, Bomar, Wynn & Gunn,* Spartanburg, *for appellant.*

*Edwin C. Haskell, III,* Spartanburg, *for respondent.*

Dec. 21, 1983.

NESS, Justice:

This is an action to recover real property taxes paid under protest which was dismissed on summary judgment. We reverse.

On July 30, 1976, appellant (Arrow) purchased a parcel of commercial real estate in Spartanburg County. The tax records revealed at the time of purchase that all property taxes had been paid. Additional taxes were due as the result of an increased 1975 assessment made by the Tax Commission under S. C. Code Ann. § 12-3-140(22). This reassessment was not certified to the Spartanburg County Auditor until August 1976, and the appellant not notified until August, 1978.

Appellant argues there was a ten month delay by the Tax Commission in certifying the reassessment and this was unreasonable as a matter of law. We agree.

S. C. Code Ann. § 12-3-140(22) (1976) provides that:

"[W]hen property has been incorrectly returned or assessed it may at any time within three years after the time when the return was filed or due to be filed, whichever is later, value and assess such property and give notice to the taxpayer of such valuation and assessment. After the expiration of the appeal period, the Commission shall certify such additional assessment to the county auditor of the county where the property is located."

Recently, in *Burnett, et al. v. Holliday Brothers, Inc.,* S. C. 305 S. E. (2d) 238 (1983) we held that the Recording Statutes protect a deedholder against subsequent purchasers without notice, only if the deed is recorded. We feel the underlying policy of our Recording Statutes is equally applicable to the present situation, where the State is attempting to enforce a prior unrecorded encumbrance against a subsequent purchaser for valuable consideration without notice.[1]

---

[1] S. C. Code Ann. § 12-49-10 (1976) reads in pertinent part that:

"All taxes, *assessments* and penalties legally assessed shall be considered and held as a debt payable to the State by the person against whom they shall be charged and such taxes, assessments and penalties shall be a first lien in all cases whatsoever upon the property taxed . . ." (Emphasis added).

We hold that a reassessment of property pursuant to S. C. Code Ann. § 12-3-140(22) is ineffective as to subsequent purchasers of the property unless the assessment is certified to the county auditor prior to the conveyance.

We held in *Burnett v. Holliday Brothers, Inc., supra* at 241, "[t]he basic purpose of the rule normally followed is to assure stability of title. Any other rule would make title searching hazardous. A title searcher must live by the record."

Our ruling does not foreclose the right of the county to pursue the collection of the tax item from appellant's grantor.

We conclude appellant is entitled to summary judgment as the ten month delay was unreasonable as a matter of law.

Reversed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.